Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ERIC A. ZAKARIN,

   *Plaintiff*,

v.

WELLS FARGO ADVISORS, LLC,

   *Defendant*.

Civil Action No. 17-1088
(JMV) (JBC)

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

  This matter comes before the Court by way of Plaintiff Eric A. Zakarin's motion to vacate and Defendant Wells Fargo Advisors, LLC's ("Wells Fargo") cross-motion to confirm the arbitration award issued by a Financial Industry Regulatory Authority ("FINRA") arbitration panel. The FINRA panel reached its final decision in October 2016, awarding Wells Fargo damages, attorneys' fees, and costs. For the reasons set forth below, Plaintiff's motion is **DENIED** and Defendant's motion is **GRANTED**.

**I. Background & Procedural History**

  The following facts are taken from the parties' filings in the underlying FINRA arbitration. Zakarin is a former employee of Wells Fargo. *See* Ex. C to the Certification of Jonathan A. Scobie (hereinafter Scobie Cert.) at 1. Wells Fargo alleged that Zakarin had violated two Promissory Notes, with a combined value of $1,243,271.00, entered into by the parties. *Id.* at 3. In the event of default, which included the termination of Zakarin's employment, Wells

Fargo had the right to demand immediate payment at an enhanced interest rate (the applicable rate plus 3%). *Id.* at 4-5. In signing the notes, Zakarin agreed to pay all reasonable attorneys' fees, costs, and expenses incurred by Wells Fargo in enforcing the notes' terms. *Id.* at 6. After Wells Fargo terminated Zakarin's employment, and the full balance of the notes became due, he still owed over $1,000,000. *Id.* Zakarin refused to pay. In response, Wells Fargo placed a hold on Zakarin's accounts held by Wells Fargo and commenced the FINRA action for breach of contract. *Id.* at 6-9.

Zakarin filed an answer to Wells Fargo's complaint and asserted four counterclaims for defamation, false light, international interference with a prospective economic relationship, and wrongful termination. *See* Ex. D to Scobie Cert. Zakarin characterized the two promissory notes as bonuses awarded to him for his job performance as a Senior Vice President at Wells Fargo. *Id.* at 2. Zakarin claimed that he was wrongfully fired by Wells Fargo after Zakarin, purportedly with Wells Fargo's permission, "repatriated" currency and gold for an elderly Wells Fargo customer. *Id.* at 3-6. Zakarin alleged that, after he was fired, Wells Fargo poisoned his client base and reported him to various financial authorities for investigation. *Id.* at 7-10.

After reviewing the parties' pleadings and holding fifteen hearing sessions over the course of three months, FINRA ultimately sided with Wells Fargo, entering an award of $1,233,771.43 for compensatory damages, $356,572.50 in attorneys' fees, and $9,828.14 in costs against Zakarin. *See* Ex. B to Scobie Cert. at 3.

On January 23, 2017, Zakarin filed his Complaint to vacate the arbitration award in the Superior Court of New Jersey. *See* Ex. A to Scobie Cert. Defendant then removed the action to federal court on February 17, 2017. D.E. 1. Defendants filed its cross-motion to confirm the arbitration award on February 24, 2017. D.E. 3. On March 31, 2017, Judge Clark directed

Plaintiff to respond to the cross-motion by May 1, 2017. D.E. 10. Plaintiff has not responded to date.[1]

## II. Analysis

As an initial matter, Wells Fargo argues that Zakarin's Complaint should be treated as a motion to vacate the arbitration award under the Federal Rules of Civil Procedure. *See* D.E. 3 ("Defendant's Brief") at 1 & n.2. Given that Zakarin has not responded, and Defendants cite appropriate case law on the issue, the Court will treat the Complaint as a motion to vacate the arbitration award. *See CD & L Realty LLC v. Owens-Illinois, Inc.*, 2012 WL 4463878 (D.N.J. Sept. 25, 2015) (confirming an arbitration award after plaintiff filed a verified complaint and order to show cause in New Jersey state court to vacate or modify an arbitration award, and defendants removed to federal court).

### a. The Federal Arbitration Act & the Standard of Review

Neither party contests that the Federal Arbitration Act ("FAA") applies to this case. *See* Ex. A to Scobie Cert. at 1; Defendant's Brief at 5-6; 9 U.S.C. §§10-11. Under the FAA, a court must grant a motion to confirm unless there are grounds to vacate, modify, or correct the arbitration award; otherwise, arbitration awards are entitled to a strong presumption of correctness. *Brentwood Medical Associates v. United Mine Workers of America*, 396 F.3d 237,

---

[1] Zakarin is proceeding *pro se*, although he initially had counsel who later withdrew. D.E. 6. Apparently in response to Wells Fargo's October 27, 2017 filing, D.E. 12, Zakarin recently contacted chambers, indicating that he still intended to file a response and would submit a letter by November 1, 2017 explaining why he had not complied with Judge Clark's order. Chambers staff took no position as to Zakarin's stated intentions. The Court notes that Zakarin did not file the letter by November 1 or as of the date of this Opinion. To be clear, the Court is not indicating that Zakarin would have been permitted to file out-of-time; instead, the Court is noting these facts for purposes of the record.

3

241 (3d Cir. 2005). The FAA lists four narrow circumstances for vacatur of an arbitration award:

1. Where the award was procured by corruption, fraud, or undue means;
2. Where there was evident partiality or corruption in the arbitrator;
3. Where the arbitrator was guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
4. Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. §10(a).

On a motion to vacate, the movant bears a high burden. *Handle v. Chase Bank*, 387 Fed. App. 166, 168 (3d Cir. 2010) (citing *Dluhos v. Strasberg*, 321 F.3d 365, 370 (3d Cir. 2005) (stating that the movant "bears a heaving burden as these are 'exceedingly narrow circumstances'"). The award may not be vacated if the reviewing court views the merits of the underlying claim differently or if the court finds the arbitrator to have made a factual or legal errors. *See, e.g., Major League Umpires Ass'n v. American League of Professional Baseball Clubs*, 357 F.3d 272, 279 (3d Cir. 2004).

The Third Circuit also allows vacatur if the award is "completely irrational," such that there is nothing in the record to justify an arbitrator's decision. *See, e.g., News America Publications, Inc. Daily Racing Form Division v. Newark Typographical Union, Local 109*, 918 F.2d 21, 24 (3d Cir. 1990); *Mutual Fire, Marine & Inland Ins. Co. v. Norad Reinsurance Co. Ltd.*, 868 F.2d 52, 56 (3d Cir. 1989). While legal errors do not warrant a vacatur, a court may vacate an award if the arbitrator shows manifest disregard for the law. *Tanoma Min. Co., Inc. v. Local Union 1269, United Mine Workers of America*, 869 F.2d 745, 749 (3d Cir. 1990). Lastly,

an arbitration award can be vacated if it violates a clearly defined public policy as "ascertained by reference to the laws and legal precedents." *Easter Associated Coal Corp. v. United Mine Workers of America*, 531 U.S. 57, 62-3 (2000).

### b. Analysis

Zakarin moves for vacatur, or in the alternate, for modification of the award on three grounds: (i) the arbitration panel failed to enforce its own rules regarding document production; (ii) the arbitration panel exceeded its authority; and (iii) the arbitration panel showed manifest disregard for the law. *See* Ex. A to Scobie Cert. at 1-2. The crux of Zakarin's argument is that he was not an "at will" employee according to his employment contract and FINRA's own interpretation of agreements to arbitrate, and was thus wrongly terminated by Wells Fargo. *Id.* at 6.

Zakarin did not include any evidence to support his arguments, either annexed to his Complaint or in subsequent filings with this Court. As noted, Zakarin also failed to respond to Wells Fargo's cross-motion. Only a copy of the arbitration award is attached to Zakarin's Complaint. Otherwise, the complaint contains bare bones and conclusory allegations of wrongdoing on the part of Wells Fargo and the arbitration panel. In short, Zakarin has failed to present any evidence necessary to meet the high burden required to vacate or modify an arbitration award, and his motion is denied.

The Court also confirms the arbitration award pursuant to 9 U.S.C. § 9. The Court does so because it has insufficient grounds on which to vacate, modify, or correct the award. *Whitlock Packaging Corp. v. Precision Diversified Sys., Inc.*, 59 F. Supp. 2d 384, 389 (D.N.J. 1998).

## III. Conclusion

For the foregoing reasons, and for good cause shown,

It is on this 3rd day of November, 2017,

**ORDERED** that Plaintiff Zakarin's motion to vacate the arbitration award is **DENIED**; and it is further

**ORDERED** that Defendant Wells Fargo's cross-motion to confirm the arbitration award is **GRANTED**; and it is further

**ORDERED** that the arbitration award is confirmed in the following amounts: $1,137,657.73 for compensatory damages, $96,113.70 for accrued interest[2], $356,571.50 in attorney's fees; and $9,828.14 in costs; and it is further

**ORDERED** that the Clerk's Office shall mail a copy of this Opinion and Order to Plaintiff by certified mail return receipt; and it is further

**ORDERED** that the Clerk's Office shall close this matter.

John Michael Vazquez, U.S.D.J.

---

[2] It is appropriate for the Court to enforce the arbitrator's award of interest due on delinquent payments. *See New Jersey Bldg. Laborers' Statewide Ben. Funds v. Danmar Contractors, LLC*, 2007 WL 316577, at *1 (D.N.J. Jan. 30, 2007).

6